# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| SEGA SOWE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-2622-B |
| | § | |
| KROGER STORE NO. 526; KROGER | § | |
| TEXAS, L.P.; and THE KROGER | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand for lack of subject matter jurisdiction. Doc. 14, Mot., ¶ 6. Plaintiff argues that because the amount-in-controversy is now established to be less than the jurisdictional threshold, the Court must remand this case to state court. *Id.* ¶ 7.

Specifically, Plaintiff states that when she filed suit originally in state court, her damages at that time were "unknown" because she was still receiving medical treatment. *Id.* ¶ 8. She now states that she has completed her medical care, and her total past-incurred medical bills are only $15,832.75. *Id.* She has served Defendants with a stipulation that she will not seek more than $75,000 in damages, including attorneys' fees. *Id.* Ex. B.

While she may now be seeking less than the jurisdictional minimum, this does not necessarily mean that remand is appropriate. Although post-removal events that reduce the amount in controversy can divest the court of diversity jurisdiction in certain circumstances, that is not the case here. "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount

do not deprive the district court of jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (asserting that "post-removal affidavits may be considered in determining the amount in controversy at the time of removal . . . only if the basis for jurisdiction is ambiguous at the time of removal").

And it is facially apparent from Plaintiff's state-court petition, which was operative at the time of removal, that the amount in controversy exceeded $75,000. In that petition, Plaintiff specifically stated that she seeks "monetary relief of over $1,000,000.00 but not more than $10,000,000.00" for her slip-and-fall case. Doc. 1-2, Pl.'s App'x, 13 (Orig. Pet. ¶ 23) (seeking, *inter alia*, damages for medical expenses, physical pain, lost earnings, loss of household services, and mental anguish). This is not an ambiguous statement of the amount in controversy; jurisdiction clearly attached at the time of removal, and Plaintiff offers no other grounds for remand. Thus, the Court hereby **DENIES** Plaintiff's Motion to Remand (Doc. 14).

**SO ORDERED.**

**SIGNED: February 20, 2019**.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE